1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRADLEY GOODRICH,       )   Case No. CV 10-01043-JFW (RNB)
               Petitioner,   )
                          )   ORDER TO SHOW CAUSE
        vs.                 )
                          )
GEORGE NEOTTI, Warden,     )
             Respondent.  )
                          )

17
18
19
20
21
22
23
24
25
26
27
28

        On January 19, 2010 (proof of service date), petitioner constructively filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody herein. The Petition purports to be directed to a Los Angeles Superior Court conviction for attempted second degree murder sustained on March 6, 2007 pursuant to petitioner's nolo contendere plea. Concurrently with the filing of the Petition, petitioner filed a document captioned "Request for Stay and Abeyance to Exhaust All State Grounds-Remedies." Petitioner is requesting that the Court hold the Petition in abeyance until the California Supreme Court rules on two pending habeas petitions.

        As discussed hereafter, petitioner has failed to make the requisite showings for holding a federal habeas petition in abeyance pending the exhaustion of state remedies. Moreover, it appears to the Court that the Petition does not even state a claim upon which federal habeas relief may be granted. Finally, it appears to the

1

Court that the Petition likely is time barred in any event.

Accordingly, on or before **March 22, 2010**, petitioner is ordered to show cause, in writing, why the Court should not issue a Report and Recommendation recommending (a) the denial of his stay-and-abeyance request, and (b) the summary dismissal of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.      Petitioner has failed to make the requisite showings for stay-and-abeyance.**

Based on its review of the Petition, it is unclear to the Court which of the eight grounds for relief being alleged by petitioner remain unexhausted. The Court notes in this regard that, with respect to Grounds One, Two, Three, and Four, petitioner responded in the affirmative to the question asking whether he raised that ground in the California Supreme Court. (See Petition at 6, 7, 8, and 9.) Further, in ¶ 24(c), petitioner indicated that the grounds raised in his pending California Supreme Court habeas petitions are the same as those listed in ¶ 15(c) above, which petitioner indicated in ¶ 19(c) he already had raised in a previous California Supreme Court habeas petition that was denied on March 21, 2009.

However, assuming that petitioner already has exhausted his state remedies with respect to some of his claims, but not others, the Court's determination of petitioner's stay-and-abeyance request is governed by Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). There, the Supreme Court held that the prerequisites for obtaining a stay of a "mixed petition" while the petitioner exhausts his state remedies are: (a) that the petitioner show good cause for his failure to exhaust his claims first in state court; (b) that the unexhausted claims not be "plainly meritless"; and (c) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

Here, in his stay-and-abeyance request, petitioner has not even purported to make a showing of "good cause" for his failure to exhaust his claims first in state

1    court.  Moreover, the Court fails to see how petitioner could show good cause for not

2    exhausting all of his claims in his previous California Supreme Court habeas petition

3    that was denied on March 21, 2009.

4        Nor has petitioner purported to make the requisite showing that his unexhausted

5    claims are not "plainly meritless."  Moreover, for the reasons discussed in the next

6    section, it does not appear to the Court that petitioner could make this showing.

7

8    **II.    The Petition does not state a claim upon which federal habeas relief may**

9        **be granted.**

10       Grounds One, Four, Five, and Six of the Petition are not even framed as federal

11   constitutional claims and on their face appear merely to be challenging the trial court's

12   application of California sentencing law.  As such, these claims are not even

13   cognizable on federal habeas review.  See 28 U.S.C. § 2254(a); Watts v. Bonneville,

14   879 F.2d 685, 687 (9th Cir. 1989); see also, e.g., Christian v. Rhode, 41 F.3d 461, 469

15   (9th Cir. 1994); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.), cert. denied,

16   514 U.S. 1026 (1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Miller

17   v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

18       The first part of Ground Two, all of Ground Three, and all of Ground Seven

19   appear to be foreclosed by Tollett v. Henderson, 411 U.S. 258, 93 S. Ct. 1602, 36 L.

20   Ed. 2d 235 (1973).  There, the Supreme Court held that, "[w]hen a criminal defendant

21   has solemnly admitted in open court that he is in fact guilty of the offense with which

22   he is charged, he may not thereafter raise independent claims relating to the

23   deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

24   See id. at 266-67; see also Menna v. New York, 423 U.S. 61, 62 n.2, 96 S. Ct. 241, 46

25   L. Ed. 2d 195 (1975); United States v. Foreman, 329 F.3d 1037, 1038-39 (9th Cir.

26   2003) (precluding pre-plea motion for substitute counsel claim); Moran v. Godinez,

27   57 F.3d 690, 700 (9th Cir. 1994) (as amended) (foreclosing pre-plea ineffective

28   assistance of counsel claim), cert. denied, 516 U.S. 976 (1995); United States v. Bohn,

3

956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (precluding denial of counsel at critical stage and violation of Speedy Trial Act claims).

The Court further notes that, under 28 U.S.C. § 2254(d), federal habeas relief may not be granted on a claim unless the State courts' rejection of the claim either was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Moreover, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." See Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); see also Carey v. Musladin, 549 U.S. 70, 74, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006); Smith v. Patrick, 508 F.3d 1256, 1260 (9th Cir. 2007). The United States Supreme Court has left open the question whether the Constitution requires that a defendant be permitted to speak at sentencing and the Circuits are split on this issue. Accordingly, it does not appear to the Court that the right to allocution claim being alleged in the second part of Ground Two of the Petition states a claim upon which federal habeas relief may be granted.

Finally, based on the Supreme Court's reasoning and conclusion in Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003), it does not appear to the Court that the Eighth Amendment claim alleged in Ground Eight of the Petition states a claim upon which federal habeas relief may be granted. In Andrade, the Supreme Court held that, in the context of an Eighth Amendment challenge to a prison sentence, the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework [was] the gross disproportionality principle, the precise contours of which [were] unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Andrade, 538 U.S. at 73 (citing Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991); Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); and Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)). In Andrade, the Supreme Court

4

concluded that two consecutive 25 years to life sentences with the possibility of parole, imposed under California's Three Strikes Law following two petty theft convictions with priors, did not amount to cruel and unusual punishment. <u>See Andrade</u>, 538 U.S. at 77; <u>see also</u> <u>Ewing v. California</u>, 538 U.S. 11, 30-31, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (holding that a sentence of 25 years to life imposed for felony grand theft under California's Three Strikes Law did not violate the Eighth Amendment).  "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." <u>United States v. McDougherty</u>, 920 F.2d 569, 576 (9th Cir. 1990); <u>see also</u> <u>Belgarde v. State of Mont.</u>, 123 F.3d 1210, 1215 (9th Cir. 1997).  The Ninth Circuit also has held that "a sentence within the limits set by a valid statute may not be overturned on appeal as cruel and unusual punishment unless the sentence is so 'grossly out of proportion to the severity of the crime' as to shock our sense of justice." <u>United States v. Cupa-Guillen</u>, 34 F.3d 860, 864 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1120 (1995); <u>see also</u> <u>United States v. Vega-Mejia</u>, 611 F.2d 751, 753 (9th Cir. 1979); <u>United States v. Washington</u>, 578 F.2d 256, 258-59 (9th Cir. 1978).  Petitioner's 20-year sentence (which was comprised of five years for the attempted second degree murder to which petitioner pleaded no contest, doubled pursuant to Cal. Penal Code §§ 1170.12(a)-(d) and 667(b)-(i) based on petitioner's admission of a prior "strike" conviction for assault with a deadly weapon, and enhanced by a consecutive term of five years pursuant to Cal. Penal Code § 667(a)(1) based on petitioner's admission that his prior conviction qualified as a prior "serious felony conviction," plus a consecutive term of five years pursuant to Cal. Penal Code § 12022.7(e) based on petitioner's admission of great bodily injury under circumstances involving domestic violence) simply does not meet this standard.

//

5

III.    **The Petition likely is time barred in any event.**[1]

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

"(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted

---

[1]    The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[2]    Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

6

was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. <u>See</u> Cal. Rules of Court, Rule 8.308(a) [formerly Rule 30.1(a)]. Where the judgment of conviction was entered upon a guilty or nolo contendere plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. <u>See</u> Cal. Rules of Court, Rule 8.304(b) [formerly Rule 30(b)]; <u>see also</u> Cal. Penal Code § 1237.5. Here, petitioner acknowledges that he did not appeal from his judgment of conviction. (<u>See</u> Pet. at ¶ 10). Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was May 5, 2007, when petitioner's time to file a notice of intended appeal expired.[3]

_____

[3]   From the face of the Petition, it does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by unconstitutional state action. Moreover, given the nature of petitioner's claims, it is clear that he has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(C). Likewise, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D). Petitioner was aware of the **factual** predicate of each of his claims as of the date his judgment of conviction

(continued...)

7

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was May 5, 2008.  See Patterson v. Stewart, 251 F.3d 1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  See id. at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court).

Here, it appears from the face of the Petition and accompanying attachments that petitioner's first state collateral challenge was not the Los Angeles Superior Court referenced in ¶ 15 that was denied on September 17, 2009.  Rather, it was the California Court of Appeal habeas petition that was filed in Case No. B205810 on or

---

[3](...continued)

became final.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

about February 19, 2008 and denied on March 4, 2008.  Petitioner would not be entitled to any statutory tolling for the approximately nine-month interval that elapsed between the date on which his judgment of conviction became final and the filing of that first state collateral challenge.  See Nino, 183 F.3d at 1006.   Nor does it appear from the face of the Petition that petitioner would be entitled to any statutory tolling for the approximately 14-month interval that then elapsed between the denial of his first Court of Appeal habeas petition and the filing of his second Court of Appeal habeas petition on or about May 6, 2009.  See, e.g., Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (holding that an unexplained and unjustified delay of six months did not "fall within the scope of the federal statutory word 'pending' as interpreted in Saffold"); Chaffer v. Prosper, 2009 WL 2983045, *1 (9th Cir. Sept. 18, 2009) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3) (finding petitioner not entitled to interval tolling for filing delays of 115 days between the denial of the petitioner's first habeas petition in the Superior Court and the filing of his second habeas petition in the California Court of Appeal and 101 days between the denial of his second habeas petition and the filing of his third habeas petition in the California Supreme Court); Reyes v. Small, 2009 WL 5113756, *5 (C.D. Cal. Dec. 18, 2009) (finding petitioner not entitled to interval tolling for three month period of delay); Hebert v. Marshall, 2009 WL 3055209, *5 (E.D. Cal. Sept. 14, 2009) (finding petitioner not entitled to interval tolling for four and a half month period of delay); Sigmon v. Kernan, 2009 WL 1514700, *6 (C.D. Cal. May 27, 2009) (finding petitioner not entitled to interval tolling for four month period of delay); Culver v. Dir. of Corr., 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding petitioner not entitled to interval tolling for two and a half and three month periods of delay).  Thus, it appears to the Court that, by the time petitioner filed his second Court of Appeal habeas petition, the one-year limitation period already had lapsed and could not be reinitiated.  See, e.g., Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not permit the reinitiation of the

1  limitations period that has ended before the state petition was filed," even if the state

2  petition was timely filed), cert. denied, 540 U.S. 924 (2003); Jiminez v. Rice, 276 F.3d

3  478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir.

4  2001), cert. denied, 534 U.S. 1143 (2002).

5      In Beeler, the Ninth Circuit further held that the timely filing of a habeas

6  petition was not jurisdictional, but rather was subject to equitable tolling.  The

7  limitations period, however, could be equitably tolled only if "'extraordinary

8  circumstances' beyond a prisoner's control make it impossible to file a petition on

9  time."  See Beeler, 128 F.3d at 1287-89; see also Miles v. Prunty, 187 F.3d 1104,

10  1107 (9th Cir. 1999).  As the Supreme Court reiterated in Pace, the two requirements

11  for equitable tolling are: "(1) that [the petitioner] has been pursuing his rights

12  diligently, and (2) that some extraordinary circumstance stood in his way."  See Pace,

13  544 U.S. at 418; see also, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1153-54 (9th Cir.

14  2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself,

15  an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations

16  period).  Here, petitioner has not even purported to make the requisite showings for

17  equitable tolling.

18      Finally, the Court notes that petitioner has alleged in the second part of Ground

19  Seven of the Petition that he is "innocent" of the charge of attempted second degree

20  murder.  Neither the Supreme Court nor the Ninth Circuit has yet decided whether the

21  habeas corpus statute of limitations set forth in 28 U.S.C. § 2244(d) is subject to a

22  "fundamental miscarriage of justice" exception.  See Majoy v. Roe, 296 F.3d 770, 776

23  (9th Cir. 2002).  Nor is it necessary for the Court to decide that issue in this case

24  because the Supreme Court has held that, for the "fundamental miscarriage of justice"

25  exception to apply, the petitioner must show that a constitutional violation probably

26  has caused the conviction of one who is actually innocent of the crime.  See Schlup

27  v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  Under Schlup,

28  petitioner must establish his factual innocence of the crime, and not mere legal

10

1   insufficiency.  See Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140

2   L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882-83 (9th Cir. 2003).  The

3   Supreme Court further held in Schlup that, "[t]o be credible, such a claim [of actual

4   innocence] requires petitioner to support his allegations of constitutional error with

5   new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

6   eyewitness accounts, or critical physical evidence--that was not presented at trial."

7   See Schlup 513 U.S. at 324.  Further, "the petitioner must show that it is more likely

8   than not that no reasonable juror would have convicted him in light of the new

9   evidence."  Id. at 327.  Here, petitioner has not even purported to adduce the kind of

10  new reliable evidence described in Schlup; nor has he even purported to make the

11  requisite showing that he is actually innocent of the crime of conviction.  He is not

12  alleging that he did not commit the acts giving rise to the offense; rather, he merely

13  is alleging that he lacked the requisite mental state.

14

15  DATED:  February 18, 2010

16

17  _____

18  ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28